UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20767-CR-UNGARO/SIMONTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FLOR ILLIANA TORRES,

        Defendant.
_____/

## ORDER FINDING DEFENDANT FLOR ILLIANA TORRES COMPETENT TO STAND TRIAL

This matter was set for a hearing before the undersigned Magistrate Judge by the Honorable Ursula Ungaro to Determine the Competency of Defendant Flor Torres by Order entered on January 21, 2009 (DE # 340). Pursuant to this Order, I have considered the Competency Evaluation Report of Enrique M. Suarez, Ph.D. dated February 18, 2009; as well as the statements of counsel made at an evidentiary hearing held on February 27, 2009. At the conclusion of the evidentiary hearing, the undersigned announced on the record her findings and conclusions that Ms. Flor Illiana Torres is competent to stand trial. This Order summarizes the proceedings and sets forth those findings and conclusions in greater detail.

### I. BACKGROUND

Defendant Flor Illiana Torres is charged in one count of the presently pending Indictment with conspiracy to possess with intent to distribute fifty grams or more of cocaine base and/or five kilograms or more of a substance containing cocaine, in violation of 18 U.S.C. § 841 (Count 1).

On January 13, 2009, the Government filed a Motion for Competency Evaluation and Hearing (DE # 334). In that Motion, the Government stated that on January 13, 2009,

the Defendant notified the Government of her intent to rely upon the affirmative defense of diminished capacity/severe depression/duress at trial based upon evaluations from the Defendant's treating psychiatrist.  In addition, the Government asserted that the Defendant did not have stable transportation and thus the Government was concerned that she would not be able to attend all necessary appointments for a psychiatric evaluation.  The Government therefore requested that the Defendant be taken into custody and a psychiatric/psychological evaluation be performed at the medical facility at Buttner, North Carolina.

On January 14, 2009, the Defendant filed a Response to the Government's Motion wherein counsel for the Defendant represented that the Defendant had been seeing two treating physicians, Drs. Piniella and Morales while on bond and maintained that the Defendant had faithfully complied with the conditions of her bond (DE #335).  Defendant further asserted that although the Defendant filed an ex parte motion for a forensic psychiatric expert for a specific purpose, that the defense had not alleged incompetency to stand trial.  Therefore, the Defendant did not object to the Government's request for a competency evaluation but did object to the request that the Defendant be taken into custody for that purpose.

On January 22, 2009 the Honorable Ursula Ungaro, United States District Judge for the Southern District of Florida, found reasonable cause to order the Defendant to undergo a psychological examination pursuant to 18 U.S.C. § 4241(a) to determine whether she was competent to stand trial and assist in her own defense (DE #340).  In addition, the Order directed the psychological examination to be conducted by neuropsychologist Dr. Enrique Suarez and set a competency hearing for February 27, 2009, before the undersigned.

On February 11, 2009, the undersigned held a telephonic status conference on Defendant's competency evaluation and was informed by Defendant's Counsel that the medical evaluation by Dr. Suarez would be available within two weeks and upon completion would be faxed to the Court (DE #350). The Government indicated that it would not challenge the conclusions reached by Dr. Suarez regarding the Defendant's competency to stand trial.

On February 18, 2009, Dr. Suarez conducted an evaluation of the Defendant and on February 23, 2009, Dr. Suarez's Report, which found the defendant competent to stand trial, was faxed to the undersigned. An evidentiary hearing was held before the undersigned on February 27, 2009. Counsel for the Government and the Defendant were both present as well as the Defendant and a Spanish interpreter for the Defendant. At the hearing, Dr. Suarez's report was sealed and received into evidence (Court Exhibit #1) and reviewed by the undersigned (DE #367). Both counsel for the Government and counsel for the Defendant stated that they did not object to the findings in the Report and waived the necessity for Dr. Suarez to testify live at the hearing, although Dr. Suarez was available, if necessary. Defendant's counsel advised that he did not doubt his client's competency to proceed in the matter. At the conclusion of the hearing, the undersigned specifically found that the Defendant was competent, and stated that this finding would be set forth in a written order.

## II. FRAMEWORK FOR ANALYSIS

Title 18, United States Code, Section 4241(a), provides that the Court shall order a hearing regarding a defendant's competency to stand trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the

nature and consequences of the proceedings against him or to assist properly in his defense." The Court has the authority to order that a psychiatric or psychological examination be conducted, and that a report be filed with the court, prior to the date of such hearing. 18 U.S.C. § 4241(b). This examination, report, and hearing are to be conducted and prepared in accordance with the provisions of 18 U.S.C. § 4247. 18 U.S.C. §§ 4241(b), 4241(c).

Pursuant to 18 U.S.C. § 4247, report of examination shall include:

> (1) the person's history and present symptoms;
> (2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
> (3) the examiner's findings; and
> (4) the examiner's opinions as to diagnosis, prognosis, and–
>    (A) . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Once there is an evaluation, the proceedings are governed by 18 U.S.C. § 4241(d), which provides that if, after a hearing, "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.... for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." Thus, the initial burden of persuasion is on the movant to establish by a preponderance of the evidence that the defendant is not competent.

### III. COMPETENCY EVALUATION BY ENRIQUE SUAREZ, Ph.D.

The report prepared by Dr. Suarez and the evaluative conclusions contained in the report were stipulated to at the evidentiary hearing. Thus, since the parties do not contest the finding in Dr. Suarez's Report that the Defendant is presently competent to proceed, the Defendant's other medical records are only discussed to the extent that Dr. Suarez reviewed them as part of his evaluation of Ms. Torres.

Dr. Suarez conducted a competency evaluation of Ms. Torres on February 18, 2009. His procedures included an interview of Ms. Torres and her son; Mental Status Examination; Competency Instrument, Minnesota Multiphasic Personality Inventory–Second Edition; review of the Indictment, call log and audio recordings of intercepted calls of Defendant and Co-Defendants, and, a review of the medical and psychiatric records from New Horizons Community Mental Health Center

**Interview of Defendant Torres:**

In his Report, Dr. Suarez related the pertinent history of Defendant Torres based upon his interview with her and specifically discussed her childhood, family life and physical health. According to the Report, Ms. Torres reported that she is a native of Puerto Rico and has been living in Miami since 1998, and had previously lived in Connecticut and New York City. Ms. Torres reported that she had previously been in an abusive relationship between 1999 and 2008 and although she never married, she has three children, one of whom is a co-defendant in this case.

Ms. Torres reported that she dropped out of school in the ninth grade. She stated that she has not worked since before she moved to Miami and has been receiving disability income benefits for depression since 2005. Dr. Suarez reported that Ms. Torres provided pharmacy receipts for medications that she has been taking for a number of

health problems.

As to her mental health history, Dr. Suarez noted that Ms. Torres had been receiving psychiatric treatment for depression at several mental health clinics including New Horizon Community Mental Health Center. The Defendant reported that she has been admitted to the inpatient unit at that facility on three occasions in the past two to three years and that she experiences depression, anxiety, and thoughts about wanting to die, although she denies ever trying to harm herself. Ms. Torres reported that in 2003 she began seeing shadows and hearing someone call her name and that when she is not taking her medication she hears someone calling her name two to three times a week. Ms. Torres has recently been receiving psychiatric treatment from Dr. Alfredo Piniella, M.D. Dr. Suarez reported that Ms. Torres denied any history of substance abuse as an adult.

### Interview with Defendant's Son:

Dr. Suarez interviewed the Defendant's twenty-one year old son who confirmed that beginning in 1999, his "step-father" beat and mistreated Ms. Torres and was placed in jail twice for domestic violence. Ms. Torres' son reported that his mother is disabled for her nerves and that she hears voices but is a lot better when she is on medication.

### Records from New Horizons Community Mental Health Center:

Dr. Suarez reviewed the records form New Horizons Community Mental Health Center which indicate that Ms. Torres has been undergoing treatment for major depressive disorder with psychotic features since 2002. During that treatment, Ms. Torres reported experiencing depression, anxiety, insomnia, suicidal ideation and auditory, visual and tactile hallucinations. She has been treated with a variety of mood stabilizing drugs including neuroleptic, anxiolytic, antidepressant and anticonvulsant

medications. Ms. Torres was often noncompliant with taking that medication. The records further indicate that she also received treatment from Bayview Center, but Dr. Suarez did not review those records.

### Psychological Testing:

Dr. Suarez administer the Minnesota Mulitphasic Personality Inventory-Second Edition (MMPI-2) test to Ms. Torres and her results were scored by the Pearson Assessment Service which generated a Pre-Trial Criminal Interpretive Report for Forensic settings regarding Ms. Torres. According to that Report, Ms. Torres' responses produced an invalid profile. As reported by Dr. Suarez, the Report states that Ms. Torres responded to the test in an "extremely exaggerated manner" with a "wide variety of inconsistent symptoms and attitudes," and the Report recommended that another test be administered. Dr. Suarez reviewed the test results and concluded that Ms. Torres' responses were probably not due to her mental state but may have "represent[ed] either an attempt to evade disclosure about her personal information or carelessness in recording her answers."

### Competency Interview:

Dr. Suarez specifically tested Ms. Torres regarding her competency to stand trial in this case, and concluded that she "clearly has the capacity to communicate with and assist her attorney." He further concluded that Ms. Torres "...has the capacity to testify with relevance" and does not lack "the capacity or ability to manifest appropriate courtroom behavior." In addition, he determined that her answers to his questions reflect that she understands the nature of these proceedings and the charges against her.

In his report, Dr. Suarez included an assessment of Ms. Torres' behavior in several areas specifically designed to measure a defendant's competency to stand trial. Dr.

7

**Suarez rated Ms. Torres as "Acceptable" in all of the categories (which are quoted below), and gave specific examples of responses made by Ms. Torres that demonstrated her competency in each area, as follows:**

1. **Appreciation of the charges or allegations**: Assessment of the defendant's understanding of literal knowledge of the charges or allegations.  It is important the defendant understands that they are being accused, the consequences of which may be detrimental to him/her.

**Dr. Suarez noted that Defendant Torres understood she was charged with conspiracy to distribute crack cocaine.**

2. **Appreciation of the range and nature of possible penalties**: if applicable, which may be imposed in the proceedings against him/her: Assessment of the defendant's concrete understanding and appreciation of the conditions and restrictions which could be imposed on them if found guilty and of their possible duration.

**Dr. Suarez noted that Defendant Torres recognized the possibility of a prison sentence which her lawyer estimated to be four years.**

3. **Understanding of the adversary nature of the legal process**: Does the defendant understand that (a) the responsibility of his/her attorney is to assist them (b) the State Attorney's responsibility is to prove his/her guilt; and (c) the Judge is impartial and protects his/her rights as well as those of the State and (d) the jury is impartial.

**Dr. Suarez noted that Defendant Torres understood the role of her attorney, the possible outcome of the case, as well as the roles of the prosecutor, court, jury and witnesses.**

4. **Capacity to disclose to his/her counsel facts pertinent to the proceedings at issue**: Assessment of the defendant's capacity to give consistent, rational, and relevant account of the facts surrounding his/her alleged offense or the accusations against him/her.  Intelligence, perceptual capacity, memory, and validity of any claimed amnesia should be assessed.  Consideration should be given to potential disparity between

8

>what the defendant may disclose to a clinician and what they
>may share with their attorney.

Dr. Suarez noted that Defendant Torres "clearly has the capacity to communicate with and assist her attorney;" she was able to identify 11 of the co-defendants and to explain her version of the events.

>5.  **Ability to manifest appropriate courtroom behavior.**
>    Assessment of the defendant's current behavior and probable
>    behavior when exposed to the stress of courtroom
>    proceedings.  Evaluate the defendant's beliefs and attitudes
>    toward the judicial system.

Dr. Suarez noted that there was no indication that Defendant Torres would not be able to manifest appropriate behavior and the she was able to discuss possible outcomes without distress.

>6.  **Capacity to testify relevantly:** Assessment of the defendant's
>    ability to testify with coherence, relevance and independence
>    of judgment including both cognitive and affective factors
>    which may impact on their ability to communicate.

Dr. Suarez noted that based on responses to his questions about her charges, Defendant Torres gave a reasonable and rational account of her involvement and has the capacity to testify relevantly.

**Dr. Suarez's Conclusions**

Ultimately, Dr. Suarez concluded that Ms. Torres' present condition is consistent with a provisional diagnosis of "Mood Disorder not Otherwise Specified" and that she does not meet the criteria for involuntary hospitalization.  He determined that her visual hallucinations appear to be "sleep related", and that her auditory hallucinations were incongruent with her depression and did not include delusional beliefs.  However, despite the existence of the above mental disorder, based upon the above-described competency instrument used for evaluation, Dr. Suarez concluded that Ms. Torres is competent to

**proceed in this matter.**

**IV.     LEGAL ANALYSIS**

**As stated above, these proceedings are governed by 18 U.S.C. § 4241(d), which provides that if, after a hearing, "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.... for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."**

**In the case at bar, although the Defendant has been receiving treatment for psychiatric problems, i.e. major depressive disorder, since 2002, she is receiving medication to treat this condition.  In addition, Dr. Suarez provided a diagnosis of a mood disorder and did not find her to be incompetent.  Dr. Suarez's conclusion is well-supported in his written report.  In addition, the undersigned notes that defense counsel concurs that the Defendant is competent to proceed at the present time.  Thus, the undersigned concludes that the evidence in the record clearly establishes that Defendant Flor Torres is able to understand the consequences of these proceedings and is capable of assisting properly in her defense and therefore is competent to stand trial in this matter.**

**V.     CONCLUSION**

**Therefore, based upon the foregoing analysis, and considering the record as a whole, it is hereby**

**ORDERED and ADJUDGED** that Defendant Flor Illiana Torres is competent to stand trial and there is no reason delay further proceedings in this case.

**DONE AND ORDERED** in Miami, Florida this <u>6th</u> day of March, 2009.

_Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable Ursula Ungaro**
    **United States District Judge**
**Counsel of Record via CM/ECF**